JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RACHEL KATZMANN

**DEFENDANTS**
ARCTIC GLACIER U.S.A., INC.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer, Esq.; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103; 267-273-1054

Attorneys *(If Known)*
Stephanie Kaplan

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq.

Brief description of cause:
DISCRIMINATION AND RETALIATION

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Nov 17, 2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 216 W Mount Pleasant Avenue, Philadelphia, PA 19119.

Address of Defendant: One Bala Plaza, Suite 622, Bala Cynwyd, PA 19004

Place of Accident, Incident or Transaction: One Bala Plaza, Suite 622, Bala Cynwyd, PA 19004

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/17/2023    Mary Kramer    324078

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Mary Kramer, Esq., counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/17/2023    Mary Kramer    324078

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

RACHEL KATZMANN
216 W Mount Pleasant Avenue
Philadelphia, PA 19119

        Plaintiff,

v.

ARCTIC GLACIER U.S.A., INC.
One Bala Plaza, Suite 622
Bala Cynwyd, PA 19004

        Defendant.

Civil Action No.: _____

**JURY TRIAL DEMANDED**

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Rachel Katzmann ("Plaintiff"), by and through her undersigned counsel, for her Complaint against Arctic Glacier U.S.A., Inc. ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff initiates this action contending Defendant violated the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, by failing to provide reasonable accommodations to Plaintiff; failing to engage in the interactive process; and terminating Plaintiff because of her actual and/or perceived disability, because Defendant regarded her as being disabled, for her past record of impairment, and in retaliation for requesting a reasonable accommodation in connection thereto, in violation of the ADA.[1]

---

[1] Plaintiff intends to amend this Complaint to add claims under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, upon administrative exhaustion.

1

**PARTIES**

2. Plaintiff is a citizen of the United States and Pennsylvania and currently maintains a residence at 216 W Mount Pleasant Avenue, Philadelphia, PA 19119.

3. Upon information and belief, Defendant is a for-profit company organized and existing under the laws of the State of Delaware with a registered office address and places of business located at One Bala Plaza, Suite 622, Bala Cynwyd, PA 19004.

**JURISDICTION AND VENUE**

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about November 23, 2022, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2023-01412. Plaintiff's EEOC charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated August 25, 2023, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

8. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

9. This action is authorized and initiated pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as well as it is a civil rights action arising under the laws of the United States.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this judicial district and does business herein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL ALLEGATIONS

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. Plaintiff began her employment with Defendant on or about April 5, 2021, as a Contractor; Plaintiff was later hired for full-time employment on or about September 19, 2021, in the position of Talent Acquisition Specialist.

14. As a Talent Acquisition Specialist, Plaintiff worked directly for Defendant's Vice President of Recruiting and Talent Development, Thomas Gasque ("Mr. Gasque"), and provided him with any assistance he required.

15. In her position, Plaintiff also managed contract recruiters and personally handled recruiting.

16. Notably, Mr. Gasque frequently asked Plaintiff to work outside of normal business hours and beyond her assigned responsibilities.

17. However, Plaintiff always completed the assignments from Mr. Gasque without complaint, as well as without receiving any additional compensation.

18. In or around February 2022, due to a workload that was overburdened by Mr. Gasque's frequent requests, which Plaintiff handled on top of her responsibilities as a Talent Acquisition Specialist, Plaintiff's health began to decline.

19. Specifically, Plaintiff had previously been diagnosed with anxiety disorder, which resulted in a sleep disorder, both of which constitute disabilities within the meaning of the ADA and PHRA in that they severely limit one or more major life activities.

20. As a result of her disabilities, which were exacerbated due to her work conditions, Plaintiff emailed Mr. Gasque on May 18, 2022, to explicitly request a reasonable accommodation; Plaintiff's request focused on her needs related to her anxiety disorder.

21. Specifically, Plaintiff requested the following: a clear set of core hours during which Plaintiff would need to be available and at her computer; a clarified system for requesting time off or needing to take time off when unexpectedly ill; a scheduled daily check-in phone call between Mr. Gasque and Plaintiff; and a weekly written task list, similar to the structure used by the Zendesk ticketing system.

22. It should be noted that these accommodations would not have imposed an undue hardship on Defendant as they required neither significant difficulty or expense.

23. Also on or about May 18, 2022, Plaintiff shared her request for a reasonable accommodation with Defendant's then Human Resources Business Partner, Jacky Syberg ("Ms. Syberg").

24. On or about May 19, 2022, Ms. Syberg thanked Plaintiff for letting her know and confirmed that she had spoken with Mr. Gasque the day before and that he had given her "a heads up," which acknowledged that Defendant was fully aware of Plaintiff's request.

25. Additionally, Mr. Gasque informed Plaintiff that Defendant's Vice President of Payroll, Benefits, HRIS, and Compensation, Judy O'Brien ("Ms. O'Brien"), would reach out to her to provide information on what would be needed to start the ADA process.

26. Plaintiff did not hear from Ms. O'Brien until on or about May 23, 2022, at approximately 10:27 AM, at which time Ms. O'Brien provided Plaintiff with a number to call to discuss accommodations.

27. That same day, May 23, 2022, Plaintiff requested a meeting with Mr. Gasque and Defendant's Chief Human Resources Officer, Elise Doyle ("Ms. Doyle"), to discuss her request for accommodations.

28. However, this meeting was instead used for Ms. Doyle to surprise Plaintiff with alleged deficiencies in her job performance.

29. Defendant's issues with Plaintiff's performance were not revealed to her until after she requested a reasonable accommodation for her disabilities.

30. Following this meeting, Plaintiff was given a "Final Written Warning," which outlined the alleged faults with her job performance.

31. Again, this warning was not given to Plaintiff until after her request for an accommodation was made.

32. Given the fact that Plaintiff was the person to schedule this meeting for the purpose of discussing her accommodation request, Plaintiff was understandably caught off guard when presented with an attack on her job performance.

33. During the on or about May 23, 2022, meeting, Ms. Doyle took it upon herself to explain to Plaintiff her understanding of the purpose of the ADA.

34. Indeed, Ms. Doyle advised that, in her understanding, the ADA is meant for individuals with limited physical ability who might need a reasonable accommodation, such as a wheelchair.

35. Moreover, Ms. Doyle went on to tell Plaintiff that she did not understand why she, in her position as Talent Acquisition Specialist, needed the specific accommodations she asked for.

36. Lastly, Ms. Doyle explicitly told Plaintiff that she felt that the accommodations Plaintiff requested were unreasonable.

37. Following the meeting, on or about June 2, 2022, Ms. Doyle emailed Plaintiff to remind her that it was the company's busy season and there was a need for weekly meetings to identify "hot areas to recruit."

38. Furthermore, Ms. Doyle told Plaintiff that they needed to "focus [her] priorities" after each meeting.

39. By doing so, Ms. Doyle went on to twist the comments made by Plaintiff about her disabilities and her need for a reasonable accommodation, and what the accommodation would be.

40. Egregiously, Ms. Doyle made a point of mentioning raises that Plaintiff had previously received, with the implication that she did not think they were deserved, and that they surely were not deserved now that Plaintiff had asked for an accommodation.

41. Then, on or about June 10, 2022, Plaintiff was informed that her employment with Defendant was being terminated due to job performance.

42. However, when considering that Plaintiff had received a raise in March 2022, and a second raise in April 2022, a termination based on job performance does not appear likely, even

more so when considering Plaintiff never received any type of formal written warning for job performance prior to her May 18, 2022, request for a reasonable accommodation.

43. As such, Defendant failed to reasonably accommodate Plaintiff's disabilities and failed to engage in the interactive process to determine such reasonable accommodations.

44. It is believed and therefore averred Defendant terminated Plaintiff's employment because of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and in retaliation for her request(s) for an accommodation in connection thereto, in violation of the ADA.

45. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101,** *et seq***.**
**DISCRIMINATION AND RETALIATION**

46. Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

48. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

49. Plaintiff's anxiety and sleep disorders substantially limited her ability to engage in one or more major life activities for an extended period of time.

7

50. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

51. Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

52. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process to determine and consider reasonable accommodations for Plaintiff, by failing to provide reasonable accommodations to Plaintiff, and by terminating Plaintiff's employment because of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or for her request(s) for reasonable accommodations in connection to her disabilities.

53. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Mary Kramer, Esq.*
Mary Kramer, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
Phone: (267) 273-1054
Fax: (215) 525-0210
mkramer@phillyemploymentlawyer.com
*Counsel for Plaintiff*

Dated: November 17, 2023

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.